[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff in this foreclosure action has moved to strike the defendants, Mark and Barbara Lieberman's, special defense, counterclaim and set-off dated May 29, 2001.
The defendants special defense alleges that they bought a condominium CT Page 8834 unit from Sextant Development Corporation (Sextant) with the assistance of a loan from Sextant secured by a second mortgage. The defendants further allege that the condominium unit was defective and deficient in such a fashion as to diminish the unit's value and cause the defendants to incur repair expenses. Finally it is alleged that the plaintiff acquired the note and second mortgage in 1998 six years after the defendants stopped paying principal and interest and that plaintiff knew, or should have known, of the default and therefore is not a holder in due cause.
Special defenses must relate to the cause of action alleged. Practice Book § 10-50. The defendants' allegations set forth a claim of lack of consideration for the note. This on its face, is a valid defense in a foreclosure action. Since the defendants have alleged that the plaintiff knew or should have known that the note was in default they have put into issue whether he is a holder in due cause. The motion to strike the special defense is denied.
In the first count of their counterclaim the defendants essentially restate the allegations of the special defense and further allege a violation of the federal Truth in Lending Act. In the second count the defendants allege that the violation of the Truth in Lending Act constitutes a violation of the Connecticut Unfair Trade Practices Act. These allegations are directed to Sextant and do not set forth any claim against the plaintiff Thomas. The counterclaim is stricken.
In their set-off the defendants reallege the same facts and claim that "all sums found to be due from plaintiff" be set-off against any debt they owe. This set-off is also stricken. Defendants do not have a claim-against the plaintiff.
ADAMS, J.